IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

KEVIN KAUFFMAN,

                Plaintiff,

v.

SUSAN E. AVERSA ORREGO;
YOGURT HUT LLC

                Defendants.

Civ. No. 1:19-cv-01240-MC

**OPINION & ORDER**

McSHANE, District Judge.

    This matter comes before the Court on Defendants Susan E. Aversa Orrego and Yogurt Hut LLC's Motion for Summary Judgment. ECF No. 13. Summary judgment is premature at this time and so the Motion is DENIED with leave to refile in ninety (90) days at the close of limited discovery.

## BACKGROUND

    Plaintiff Kevin Kauffman, proceeding pro se, alleges that he applied for a job at the Yogurt Hut in February 2018 and was told that he was "too old" to work at the Yogurt Hut.

    Defendant Susan E. Aversa Orrego is a member of Defendant Yogurt Hut, LLC (the "LLC"), which owns and operates three Yogurt Hut locations in Jackson and Josephine Counties. Aversa Orrego Aff. ECF No. 14. In 2017 and 2018, the LLC had a maximum of sixteen employees on any working day, most of whom were part-time and assigned to one of the LLC's three Yogurt

Hut restaurants. *Id.* "At no time from 2017 until the present has Yogurt Hut LLC had twenty (20) employees at the same time." *Id.*

A second company, Yogurt Hut AV Limited Partnership (the "Limited Partnership"), owns a fourth Yogurt Hut location in Medford, Oregon. Aversa Orrego Supp. Aff. ECF No. 19. The LLC is the general partner in the Limited Partnership, along with six limited partners. *Id.* The Limited Partnership has its own employees, payroll, and employer identification number. *Id.* The Limited Partnership files its own tax returns and has its own worker's compensation coverage, liability insurance policy, and bank accounts. *Id.* In 2017 and 2018, the Limited Partnership employed a maximum of eight employees on any working day. *Id.* As with the LLC, most of the Limited Partnership's employees were part-time and worked at the Limited Partnership's single restaurant. *Id.* Some employees worked for both the LLC and the Limited Partnership "to accommodate temporary variations in staffing needs at each of the four locations." *Id.*

The employee who allegedly told Plaintiff he was "too old" was employed by the LLC to work at the Yogurt Hut restaurant in Ashland, Oregon, in 2017 and 2018. Aversa Orrego Supp. Aff.

**LEGAL STANDARDS**

Summary judgment is appropriate if the record shows that "there is no genuine dispute as to any materials fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive law on an issue determines the materiality of a fact. *T.W. Elec. Servs., Inc. v. Pac. Elect Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of the dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324.

Special rules of construction apply when evaluating a summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *T.W. Elec.*, 809 F.2d at 630-31.

## DISCUSSION

Plaintiff brings a claim for violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1) ("ADEA"). Defendants move for summary judgment on the basis that neither Defendant is an "employer" within the meaning of the ADEA. Plaintiff seeks to defer resolution of the present motion until discovery can take place.

### I. "Employer" under the ADEA

Defendants contend that neither Aversa Orrego nor the LLC are employers as the term is defined in the ADEA. In relevant part, the ADEA defines an "employer" as

> [A] person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. . . . The term also means (1) any agent of such a person . . .

29 U.S.C. § 630(b).

Defendants have submitted evidence that between January 2017 and April 2018 the LLC employed between twelve and sixteen people. Aversa Orrego Aff. Ex. 1.

Plaintiff has objected, arguing no discovery has taken place and that there is a question of fact with respect to how many businesses and employees are involved in this case. Kauffman Aff.

Exs. A, B. ECF No. 17. Based on this, the Court infers that Plaintiff is arguing that the LLC and the Limited Partnership are an integrated employer and should be considered in the aggregate when assessing ADEA liability. With respect to the combination of the LLC and the Limited Partnership, the Ninth Circuit has "adopted a four-part test to determine whether two employing entities constitute a single employer" for purposes of the ADEA. *Herman v. United Brotherhood of Carpenters and Joiners of Am., Local Union No. 971*, 60 F.3d 1375, 1383-84 (9th Cir. 1995); *Dodge v. JCIL Enters., Inc.*, Civ. No. 1:15-cv-00924-CL, 2016 WL 4211895, at *6 (D. Or. Aug. 9, 2016). The factors to be considered are (1) inter-relation of operations; (2) common management; (3) centralized control of labor relations; and (4) common ownership or financial control. *Herman*, 60 F.3d at 1383.

These factors are borrowed from the FLMA "integrated employer test," which provides that "[w]here this test is met, the employees of all entities making up the integrated employer will be counted in determining employer coverage and employee eligibility." 29 C.F.R. § 825.104(c)(2); *see also Dodge*, 2016 WL 4211895, at *6 (Noting that, despite the differences between the FMLA and the ADEA, "courts have consistently relied upon the Department of Labor's integrated employment test, described above, to determine employer status under the ADEA."). "A determination of whether or not separate entities are an integrated employer is not determined by the application of any single criterion, but rather the entire relationship is to be reviewed in its totality." 29 C.F.R. § 825.104(c)(2). Among the relevant factors are "whether the two enterprises have substantially identical management, common offices, interchange of employees, customer supervision, common bank accounts, payroll and ownership." *Royer v. CNF Transp., Inc.*, No. CV 03-965-HA, 2004 WL 1592561, at *4 (D. Or. July 15, 2004).

Defendants have presented evidence that even if the LLC and the Limited Partnership are considered together, the combined employee totals still fall below the threshold for an "employer" under the ADEA. For the reasons discussed in the following section, however, the Court concludes that summary judgment is premature and limited discovery on the question of whether Defendants are ADEA employers is necessary.

## II.  Rule 56(d)

Federal Rule of Civil Procedure 56 provides that if a nonmovant shows by affidavit or declaration that, "for specified reasons, it cannot present facts essential to justify its opposition," the court may (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order. Fed. R. Civ. P. 56(d). The denial of a Rule 56(d) application is disfavored "where the party opposing summary judgment makes (a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing the information sought actually exists." *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986). Denial is appropriate "where it was clear that the evidence was almost certainly non-existent or was the object of pure speculation." *Id.*

A lesser showing of specificity may be appropriate, however, before discovery has taken place, because the party making a Rule 56(d) motion "cannot be expected to frame its motion with great specificity as to the kind of discovery likely to turn up useful information, as the ground for such specificity has not yet been laid." *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 774 (9th Cir. 2003); *First Interstate Bank v. VHG Aviation, LLC*, 291 F. Supp.3d 1176, 1180-81 (D. Or. 2018). "[L]ightning-quick summary

judgment motions can impede informed resolution of fact-specific disputes." *Burlington*, 323 F.3d at 774. In addition, as the Ninth Circuit has explained:

> Generally where a party has had no previous opportunity to develop evidence and the evidence is crucial to material issues in the case, discovery should be allowed before the trial court rules on a motion for summary judgment.

*Program Eng'g, Inc. v. Triangle Publ's, Inc.*, 634 F.2d 1188, 1193 (9th Cir. 1980); *see also Celotex,* 477 U.S. at 326 ("The parties had conducted discovery, and no serious claim can be made that respondent was in any sense 'railroaded' by a premature motion for summary judgment.").

In this case, Defendants' Motion for Summary Judgment was filed only a few weeks after the Answer and before any substantive discovery could take place. Plaintiff objects that he has been unable to develop evidence concerning the number of businesses and employees connected the Yogurt Hut enterprise. Indeed, the Court notes that Defendants' initial motion and supporting affidavits only referenced the three restaurants operated by the LLC and did not mention the Limited Partnership or its employees. The Supplemental Affidavit describing the Limited Partnership and its employees was only submitted as part of Defendants' Reply, after Plaintiff provided evidence that Yogurt Hut advertises four locations, rather than three. Under the circumstances the Court believes that it would be premature to grant summary judgment before any discovery has taken place.

The Court therefore orders that the parties shall have ninety (90) days to engage in limited discovery on the question of whether Defendants qualify as employers under the ADEA. The Court DENIES Defendants' motion, with leave to re-file at the close of the limited discovery period.

## CONCLUSION

Pursuant to Federal Rule of Civil Procedure 56(d), the Court DENIES Defendants' Motion for Summary Judgment with leave to re-file at the close of limited discovery. The parties shall have ninety (90) days to engage in limited discovery as to whether Defendants qualify as employers under the ADEA.

It is so ORDERED and DATED this 21st day of November, 2019.

                                                    s/Michael J. McShane
                                                    MICHAEL McSHANE
                                                    United States District Judge