IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| KEVIN KAUFFMAN, | Civ. No. 1:19-cv-01240-MC |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| SUSAN E. AVERSA ORREGO;<br>YOGURT HUT LLC | |
| Defendants. | |

McSHANE, District Judge.

This matter comes before the Court on a renewed Motion for Summary Judgment filed by Defendants Susan E. Aversa Orrego and Yogurt Hut LLC. ECF No. 31. Pursuant to Local Rule 7-1(d)(1), the Court has determined that it will not hold oral argument on the pending motions. Because Defendants do not qualify as "employers," within the meaning of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, Defendants' motion is GRANTED.

Plaintiff Kevin Kauffman has filed a Motion for Request for Fees for Sham Affidavit, ECF No. 32, and a Motion for Leave to File Sur-Reply, ECF No. 37. Plaintiff's Motions are DENIED.

## BACKGROUND

### I.     Factual Background

Plaintiff Kevin Kauffman, proceeding pro se, alleges that he applied for a job at the Yogurt Hut in February 2018. In March 2018 he was told that he was "too old" to work at the Yogurt Hut. Compl. ECF No. 1. Plaintiff is over 40 years of age. *Id.*

Defendant Susan E. Aversa Orrego is a member of Defendant Yogurt Hut, LLC (the "LLC"), which owns and operates three Yogurt Hut locations in Jackson and Josephine Counties. Aversa Orrego Aff. ECF No. 14. In 2017 and 2018, the LLC had a maximum of sixteen employees on any working day, most of whom were part-time and assigned to one of the LLC's three Yogurt Hut restaurants. *Id.* "At no time from 2017 until the present has Yogurt Hut LLC had twenty (20) employees at the same time." *Id.*

A second company, Yogurt Hut AV Limited Partnership (the "Limited Partnership"), owns a fourth Yogurt Hut restaurant. Aversa Orrego Supp. Aff. ECF No. 19. The LLC is the general partner in the Limited Partnership, along with six limited partners. *Id.* The Limited Partnership has its own employees, payroll, and employer identification number. *Id.* The Limited Partnership files its own tax returns and has its own worker's compensation coverage, liability insurance policy, and bank accounts. *Id.* In 2017 and 2018, the Limited Partnership employed a maximum of eight employees on any working day. *Id.* As with the LLC, most of the Limited Partnership's employees were part-time and worked at the Limited Partnership's single restaurant. *Id.* Some employees worked for both the LLC and the Limited Partnership "to accommodate temporary variations in staffing needs at each of the four locations." *Id.*

The employee who told Plaintiff he was "too old" was employed by the LLC to work at the Yogurt Hut restaurant in Ashland, Oregon, in 2017 and 2018. Aversa Orrego Supp. Aff. She was never employed by the Limited Partnership. *Id.*

## II.     Procedural Background

This action commenced on August 8, 2019. ECF No. 1. On October 24, 2019, Defendants moved for summary judgment, arguing that they did not qualify as employers under the ADEA. ECF No. 13. On November 21, 2019, the Court denied the motion for summary judgment as

premature. ECF No. 20. The parties were ordered to engage in limited discovery through January 2, 2020, and Defendants were given leave to re-file their motion for summary judgment at the close of the limited discovery period. On January 2, 2020, Defendants filed a status report indicating that limited discovery was complete and Defendants intended to renew their motion for summary judgment. ECF No. 30. The present motion followed.

## LEGAL STANDARDS

Summary judgment is appropriate if the record shows that "there is no genuine dispute as to any materials fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive law on an issue determines the materiality of a fact. *T.W. Elec. Servs., Inc. v. Pac. Elect Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of the dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324.

Special rules of construction apply when evaluating a summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *T.W. Elec.*, 809 F.2d at 630-31.

## DISCUSSION

Plaintiff brings a single claim for violation of the ADEA. Defendants move for summary judgment on the basis that they do not qualify as "employers" under the ADEA, even if the LLC

and the Limited Partnership are considered together.  Plaintiff moves for sanctions, alleging that Defendants have submitted sham affidavits.

**I.      Plaintiff's Motion for Sanctions**

Plaintiff has filed a Motion for Fees for Sham Affidavit Submitted by Defense.  ECF No. 32.  In that motion, Plaintiff alleges Defendants' counsel has falsely certified that he conferred with Plaintiff concerning the status report filed on January 2, 2020, and for the renewed Motion for Summary Judgment.  Plaintiff also appears to allege that the earlier-filed Aversa Orrego Affidavits are sham affidavits.  Plaintiff requests that the Court impose sanctions on Defendants.

With respect to the Aversa Orrego Affidavits, Plaintiff has failed to demonstrate that the affidavits are a sham and the Court declines to impose the requested sanctions.

On the question of conferral, Defendants' counsel has submitted copies of an email sent to Plaintiff with the proposed joint status report.  Campanella Decl. Ex. 1.  As previously noted, the draft status report indicated that Defendants intended to renew their summary judgment motion.  Defendants' counsel also affirms that he "followed up this email with a phone call to plaintiff and left a voicemail requesting that he call me so we could confer regarding the joint status report."  Campanella Decl.  Plaintiff did not respond.  *Id.*  Defendants filed the present motion several weeks later.  Although Plaintiff disputes this representation in his motion for sanctions, as well as the sufficiency of Defendants' conferral, he appears to admit that Defendants' counsel called him on January 2, 2020.  Pl. Resp. 2-3.  ECF No. 33.

The Court finds that Defendants properly conferred with Plaintiff as required by Local Rule 7-1(a), especially considering that the renewed motion was expressly authorized by the Court in its Opinion & Order denying the original Motion for Summary Judgment.  ECF No. 20.  The Court finds no basis for imposing sanctions on Defendants and Plaintiff's motion is DENIED.

Furthermore, the Court notes that Plaintiff's motion lacks the certification of conferral required by LR 7-1(a)(1). This provides an additional basis for denying Plaintiff's motion. LR 7-1(a)(3).

## II.   Motion to File Sur-Reply

Plaintiff seeks leave to file a sur-reply to Defendants' Motion for Summary Judgment. ECF No. 37. Plaintiff argues that Defendants have raised new arguments in their Reply brief, ECF No. 34, necessitating a sur-reply. The Court has reviewed the Reply and finds that it does not raise any substantive arguments not previously presented in the renewed Motion for Summary Judgment. The Court therefore DENIES Plaintiff's motion for leave to file a sur-reply.

Once again, the Court notes that Plaintiff has failed to certify that he conferred with Defendants before filing this motion, as required by Local Rule 7-1(a)(1). This supplies an additional basis for denying Plaintiff's motion. LR 7-1(a)(3).

## III.   "Employer" under the ADEA

Turing to the substance of Defendants' motion, the ADEA provides, in relevant part, that it is unlawful for an employer to fail or refuse to hire an individual because of that individual's age. 29 U.S.C. § 623(a)(1). Defendants contend that they are not employers as the term is defined in the ADEA. The ADEA defines an "employer" as

> [A] person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. . . . The term also means (1) any agent of such a person . . .

29 U.S.C. § 630(b).

In this case, between January 2017 and April 2018 the LLC employed between twelve and sixteen people. Aversa Orrego Aff. Ex. 1. Aversa Orrego affirms that the LLC never had twenty

employees at the same time during the relevant period. Aversa Oreggo Aff. On this record, the Court concludes that Defendants were not an "employer" within the meaning of the ADEA.

Plaintiff has argued that the LLC and the Limited Partnership should be considered together when determining the number of employees. The Ninth Circuit has "adopted a four-part test to determine whether two employing entities constitute a single employer" for purposes of the ADEA. *Herman v. United Bhd. of Carpenters and Joiners of Am., Local Union No. 971*, 60 F.3d 1375, 1383-84 (9th Cir. 1995); *Dodge v. JCJL Enters., Inc.*, Civ. No. 1:15-cv-00924-CL, 2016 WL 4211895, at *6 (D. Or. Aug. 9, 2016). The factors to be considered are (1) inter-relation of operations; (2) common management; (3) centralized control of labor relations; and (4) common ownership or financial control. *Herman*, 60 F.3d at 1383.

These factors are borrowed from the Family Medical Leave Act ("FLMA") "integrated employer test," which provides that "[w]here this test is met, the employees of all entities making up the integrated employer will be counted in determining employer coverage and employee eligibility." 29 C.F.R. § 825.104(c)(2); *see also Dodge*, 2016 WL 4211895, at *6 (Noting that, despite the differences between the FMLA and the ADEA, "courts have consistently relied upon the Department of Labor's integrated employment test, described above, to determine employer status under the ADEA."). "A determination of whether or not separate entities are an integrated employer is not determined by the application of any single criterion, but rather the entire relationship is to be reviewed in its totality." 29 C.F.R. § 825.104(c)(2). Among the relevant factors are "whether the two enterprises have substantially identical management, common offices, interchange of employees, customer supervision, common bank accounts, payroll and ownership." *Royer v. CNF Transp., Inc.*, No. CV 03-965-HA, 2004 WL 1592561, at *4 (D. Or. July 15, 2004).

In this case, it is not necessary for the Court to decide if the LLC and the Limited Partnership are an integrated employer. Even if the Court accepts, for the purposes of this motion, that that the two companies are integrated and should be considered together, the combined entity does not qualify as an employer under the ADEA.

As previously noted, the ADEA defines an "employer" as a "person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 29 U.S.C. § 630(b). The LLC and the Limited Partnership, taken together, only employed twenty or more employees from July 31, 2017, through August 27, 2017, for a total of four weeks in 2017. Aversa Orrego Supp. Aff. Ex. 3, at 5. In 2018, the two companies employed twenty or more employees from May 21, 2018, to June 3, 2018 and from July 30, 2018 through August 26, 2018, for a total of six weeks. *Id.* at 12, 14. This falls well below the twenty calendar weeks required by § 630(b). Even taken together, the LLC and the Limited Partnership are not an "employer" for purposes of the ADEA.

Accordingly, Defendants are entitled to summary judgment on Plaintiff's ADEA claim and the motion is GRANTED.

## CONCLUSION

Plaintiff's Motion for Request for Fees for Sham Affidavit, ECF No. 32, is DENIED. Plaintiff's Motion for Leave to File Sur-Reply, ECF No. 37, is DENIED. Defendants' renewed Motion for Summary Judgment, ECF No. 31, is GRANTED and a judgment of dismissal shall be entered.

It is so ORDERED and DATED this 10th day of June, 2020.

                                              s/*Michael J. McShane*
                                              MICHAEL McSHANE
                                              United States District Judge